UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY CARTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-04-1379** |
| | § | |
| **DEPARTMENT OF VETERANS** | § | |
| **AFFAIRS and ANTHONY PRINCIPI,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Motion to Dismiss or In the Alternative for Summary Judgment (Dkt. #17), Defendants' Motion to Extend Dispositive Motion Deadline (Dkt. #21), and the Unopposed Motion of Defendants to Extend Scheduling Order Deadlines (Dkt. #24). After careful consideration of the parties' arguments, the entire record, and the applicable law, the Court is of the opinion that Defendants' Motion to Dismiss or In the Alternative for Summary Judgment should be GRANTED, as explained below.

### Factual and Procedural Background

This is an employment discrimination case in which Plaintiff seeks to challenge the Department of Veterans Affairs' resolution of three administrative complaints. According to Plaintiff's amended complaint, this action arises from the following Equal Employment Opportunity cases: Veteran Affairs Case Nos. 2003-0851-2001118028, 2001-0851-2002100608, and 2003-0851-200313509.[1] Regarding the first two cases, the Department of Veterans Affairs Office of Employment

---

[1] *See* Dkt. #16, ¶ 5.

Discrimination Complaint Adjudication issued a Final Agency Decision in December 2003.[2]  This decision was sent as certified mail, return receipt requested to Plaintiff and Plaintiff's counsel.  The receipts or "green cards" indicate that the decisions were received on December 29, 2003.[3]  In addition to Plaintiff receiving the decision at his residence, the decision was delivered to an employee of the building landlord at 316 West 12th Street, Austin, Texas, a six-story office building named the Texas State Teachers Association Building.  The law office of Plaintiff's counsel is located in that building, which also contains numerous other private offices.  After accepting delivery, the landlord's employee placed the package containing the decision in the building's central mailing area for pick-up.  On or about January 3, 2004, an employee of the Plaintiff's counsel's law office checked the building's central mail area and retrieved the package.

As to the third challenged agency decision, Plaintiff initially contacted an EEO counselor to complain about the alleged employment discrimination on July 2, 2003.[4]  Plaintiff was then interviewed by the EEO counselor on September 2, 2003, after which Plaintiff sent the Department of Veterans Affairs' Office of Resolution Management a letter raising instances of alleged discrimination.  On February 13, 2004, the Office of Resolution Management dismissed Plaintiff's complaint in its entirety because it was not timely brought.[5]

## Discussion

In their motion, Defendants seek dismissal of all of Plaintiff's claims in this lawsuit.  In

---

[2] *See* Dkt #17, Ex. 1.

[3] *Id*. at Ex. 2.

[4] *Id*. at Ex. 5.

[5] *Id*. at Ex. 6.

particular, Defendants argue that Plaintiff missed the statute of limitations period to challenge the first two administrative decisions, and missed the filing deadline at the administrative level as to the third.  The Court will address these arguments below.

## I.      Standard of Review

Defendants seeks to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) or alternatively Rule 56.  Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal of a case against it for lack of jurisdiction over the subject matter.  When federal courts consider questions of subject matter jurisdiction, the precedent regarding its fundamental importance is clear.  "It is a fundamental principle that federal courts are courts of limited jurisdiction."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "[A]bsent jurisdiction conferred by statute, [federal courts] lack the power to adjudicate claims." *See Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking.  'This is the first principle of federal jurisdiction.'" *Stockman v. Federal Election Commission*, 138 F.3d 144, 151 (5th  Cir. 1998) (quoting Hart & Wechsler, *The Federal Courts and the Federal System* 835 (2d ed. 1973)).  Under Fifth Circuit precedent, a case may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

Regarding Rule 56, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th

3

Cir. 1999).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  An issue is "material" if its resolution could affect the outcome of the action.  *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

## II.    Case Nos. 2003-0851-2001118028 and 2001-0851-2002100608

Defendants contend that this Court lacks subject matter jurisdiction over the claims relating to these two decisions because the Government's waiver of sovereign immunity requires compliance with the applicable statute of limitations period.  Specifically, Defendants assert that Plaintiff missed the ninety day window to file a lawsuit because the final agency decision as to these cases was received on December 29, 2003 and the lawsuit was not commenced until April 2, 2004.  In response, Plaintiff first argues that the deadline for filing the lawsuit should be measured from January 3, 2004, as opposed to December 29, 2003, because the landlord's employee was not authorized to receive mail for the law office.  Therefore, according to Plaintiff, the decision was not actually received until an employee of Plaintiff's counsel retrieved the decision from the building's central mailing area.  Alternatively, Plaintiff maintains that the facts of this case justify the equitable tolling of the limitations period.

Under 42 U.S.C. § 2000e-16(c), a plaintiff must file a complaint within ninety days of the date that the plaintiff receives notice of a final agency decision.  This section of Title VII is a condition to Congress' waiver of sovereign immunity, and, as such, requires a strict construction.  *See Irwin v. Department of Veterans Affairs*, 489 U.S. 89, 94 (1990).  When a party has failed to timely file a Title VII case against a federal government defendant, a court lacks subject matter jurisdiction.  *See Tolbert v. U.S.*, 916 F.2d 245, 247-48 (5th Cir. 1990) ("[i]t is the well-settled law of this circuit that

4

[timely filing] is a prerequisite to federal subject matter jurisdiction.").  The Court concludes that it lacks subject matter jurisdiction over any claims relating to these two agency decisions.

When a complainant is represented by an attorney, the ninety day limitations period shall be computed from the time of receipt of the decision by the attorney.  *See* 29 C.F.R. § 1614.605(d).  Although Plaintiff argues that the time period should not have commenced until January 3, 2003 when an employee of his counsel's law office retrieved the decision from the mail area, this argument is unpersuasive and contrary to established precedent.  *See Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 93 (1990).  In *Drummond v. West*, a district court rejected the argument advanced by Plaintiff under similar factual circumstances.  *Drummond v. West*, Civ. A. No. 94-3873, 1995 WL 663346 (E. D. La. Nov. 08, 1995), *aff'd*, 91 F.3d 137 (5th Cir. 1996) (TABLE).  In that case, the EEOC's decision was received by an employee of a different law firm that shared an office with counsel for the plaintiff.  *Id*. at *1.  Despite the fact that the employee was not authorized to receive mail for plaintiff's counsel and that plaintiff's counsel did not actually receive the decision until a week later because he was out of town, the court found that the limitations period began to run on the date of delivery.  *Id*.  Citing the Supreme Court's decision in *Irwin*, the court reasoned that the "practical effect of a contrary rule would be to encourage factual disputes when actual notice was received, and thereby create uncertainty in an area of the law where certainty is much desired."  *Id*.  (internal quotations omitted).  The court also noted that "plaintiff's counsel [had not] offered an explanation as to why he failed to file suit within the 84 days that remained following his return from vacation."  *Id*.

Like the court in *Drummond*, this Court agrees that the limitations period runs from the date of delivery.  In this case, the agency's decision sent to the address listed by Plaintiff's counsel was received on December 29, 2003.  Thus, Plaintiff was required commence this lawsuit by March 29, 2003, which he failed to do.  Moreover, as with the plaintiff in *Drummond*, Plaintiff in this case has

not explained why he failed to file suit within the time remaining after his actual receipt of the decision.  Furthermore, the Court concludes that the circumstances in this case do not justify application of the equitable tolling doctrine.  Plaintiff's medical treatment during December 2003 does not represent the very "rare and exceptional" circumstances that justify tolling.  *See Teemac v. Henderson*,  298 F.2d 452, 457 (5th Cir. 2002); *Irwin*, 498 U.S. at 96.  Although Plaintiff indicates that he was not accessible to his counsel in December, there is no indication why Plaintiff could not communicate with his attorney during January, February, or the majority of March.  Therefore, this argument in unpersuasive.

Finally, Plaintiff maintains that the period for filing this lawsuit should be tolled because Plaintiff previously filed a *pro se* lawsuit that involved "substantially the same facts and issues contained in this present case."  Plaintiff apparently contends that because this earlier suit was filed prematurely, the time period for filing this lawsuit was tolled for a reasonable time after dismissal of the prior suit.  Although Plaintiff cites Federal Rule of Appellate Procedure 4(a)(2) as support for his position, Plaintiff has not explained, nor can the Court discern, any relationship between this Rule and the facts of this case. Rather, the law is well-settled that a dismissal without prejudice for failure to prosecute does not toll the statute of limitations.  *See Lambert v. United States*, 44 F.3d 296, 298-300 (5th Cir. 1995).  Accordingly, the Court concludes that Plaintiff's claims relating to Veteran Affairs Case Nos. 2003-0851-2001118028 and 2001-0851-2002100608 are barred by the statute of limitations.

## III.    Case No. 2003-0851-200313509

Defendants also challenge Plaintiff's remaining claim relating to Veteran Affairs Case No. 2003-0851-200313509 because Plaintiff did not exhaust his administrative remedies.  In particular, Defendants argue that Plaintiff did not comply with the requirement that he contact an EEO counselor

within forty-five days of the alleged discriminatory event.  The Court agrees, and concludes that Plaintiff's claim is barred.

An aggrieved person must initiate contact with a Counselor within forty-five days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within forty-five days of the effective date of the action.  29 C.F.R. § 1614.105(a)(1).  Plaintiff's July 2, 2003 initiation of EEO procedures is untimely if he knew, or should have known, about the alleged discriminatory action prior to April 17, 2003—forty-five days prior to his initial contact with EEO.  Importantly, Plaintiff does not dispute that he was aware of the discriminatory conduct prior to this date.  Rather, Plaintiff's first argument is that these acts "were part of a continuing violation in regards to the original act of discrimination."  As this represents the entirety of Plaintiff's argument on this point, the Court concludes that Plaintiff has not met his burden of establishing the application of this equitable tolling doctrine.  *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) ("The party who invokes equitable tolling bears the burden of proof."); *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002) (recognizing "continuing violation" doctrine as application of equitable tolling).  Furthermore, the Court notes that Plaintiff's complaint contains only a series of separate and discrete acts, none of which occurred after the April 17, 2003 deadline.  *See Morgan*, 536 U.S. at 114.  Therefore, Plaintiff's continuing violation argument fails.

Likewise, Plaintiff's assertion that the attempts to informally resolve the matter with upper management should extend the filing deadline is also unconvincing.  In *Sanchez v. Southern Pacific Transp. Co.*, the plaintiff discussed his promotion denial with several officials, one of whom agreed to have the decision reviewed.  *Sanchez v. Southern Pacific Transp. Co.*, No. Civ. A. 76-H-1871, 1980 WL 178, at *4 (S.D. Tex. May 20, 1980).  After filing his complaint out of time, the plaintiff argued that his private attempts to resolve the matter with management justified equitable tolling of

7

the deadline to file his complaint.  In rejecting this argument and holding that the relevant date was the date the plaintiff knew of the facts giving rise to the Title VII claim, the court explained:

> Although an attempt to resolve a dispute through private channels is commendable, resort to those channels, whether formal . . . or informal, does not justify suspending the running of the limitations period. Allowing employees to pursue their own private remedies before turning to the EEOC would render the limitations period meaningless.

*Id*. at *6 (citation omitted).  Because this Court agrees with the reasoning applied by the court in *Sanchez*, the Court concludes that Plaintiff's claims relating to Veteran Affairs Case No. 2003-0851-200313509 are barred due to Plaintiff's failure to exhaust his administrative remedies.

### Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss or In the Alternative for Summary Judgment is hereby GRANTED.  Therefore,  Defendants' Motion to Extend Dispositive Motion Deadline and the Unopposed Motion of Defendants to Extend Scheduling Order Deadlines are DENIED as moot.  The Court will issue a final judgment on even date herewith.

Signed this 11th day of May, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE