O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY CARTER,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | **CIVIL ACTION NO. H-04-1379** |
| § | | |
| **DEPARTMENT OF VETERANS** § | | |
| **AFFAIRS and ANTHONY PRINCIPI,** § | | |
| § | | |
| **Defendants.** § | | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for New Trial/Reconsideration (Dkt. #28). In his motion, Plaintiff seeks reconsideration of this Court's May 11, 2005 Memorandum and Order ("M&O"). First, Plaintiff apparently asserts that the Court lacked jurisdiction under the "first-to-file" rule, and therefore, inappropriately considered the issues addressed in the earlier M&O. Second, and in the alternative, Plaintiff argues that the Court improperly calculated the limitations period, and also failed to apply the equitable tolling doctrine. The Court will address the issues below.

In his motion, Plaintiff contends that "this case was not properly before this court" at the time the Court issued its M&O. Plaintiff contends that the Court lost jurisdiction under the "first-to-file" rule because a previously filed lawsuit addressing the same claims had been reinstated. Plaintiff explains that although the prior lawsuit had originally been dismissed, the court in that case on March 23, 2005 granted his motion for reconsideration of that dismissal. Therefore, according to Plaintiff, the appropriate action would have been to consolidate this case into the earlier lawsuit, or to hold this case in abeyance until such time as the first filed case is resolved. In response, Defendants maintain that the first-to-file rule does not apply to revive Plaintiff's case, and also that Plaintiff had ample

opportunity to notify this Court before the May 11, 2005 M&O of the reinstatement in the earlier case.

Under the "first-to-file" rule, a district court may decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *See, e.g.*, *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952). It is a generally recognized rule for applying the comity doctrine among "courts with coordinate jurisdiction and equal rank, [which] must exercise care to avoid interference with each other's affairs and duplicative litigation." *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). However, Plaintiff does not cite, nor has this court found, any case standing for the proposition that this rule would operate to revive a case previously dismissed on limitations grounds. Moreover, in this case, the Court was unaware of the pendency of the earlier action. Plaintiff represented to the Court that the earlier action had been dismissed. According to the Plaintiff, the case was reinstated on March 23, 2005. This Court, of course, did not issue its M&O until May 11, 2005. Inexplicably, Plaintiff failed to notify the Court of this development. As a result, the Court issued its M&O in accordance with the facts represented to the Court at the time of that decision. Despite Plaintiff's argument to the contrary regarding the "first-to-file" rule, the reinstatement of the prior case does not change the limitations analysis in this Court's previous M&O.[1]

Plaintiff alternatively argues that even if the Court had jurisdiction to issue the earlier M&O, the Court improperly calculated the limitations period, and further attempts to distinguish the cases cited by the Court. Additionally, Plaintiff contends that principles of equitable tolling should apply. Each of these arguments was fully briefed and considered by the Court prior to its May 11, 2005 decision. As such, the Court will not reexamine them here.

---

[1] To the extent that another court faces a different set of facts for limitations purposes, Plaintiff may argue to that court that the analysis should result in a different conclusion in that case.

2

## Conclusion

For the foregoing reasons, Plaintiff's Motion for New Trial/Reconsideration is DENIED.

It is so ORDERED.

Signed this 29th day of June, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE